**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Anthony B Rivera,

Plaintiff,

v.

City of Peoria Police Department,

Defendant.

No. CV-26-06449-PHX-KML (JZB)

**ORDER**

Plaintiff Anthony B. Rivera filed a complaint and an application for leave to proceed in forma pauperis. (Docs. 1, 2.) The application is granted but the complaint is dismissed with leave to amend because it fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

The complaint identifies the City of Peoria Police Department as the sole defendant[1] and 42 U.S.C. § 1983 as the basis for federal jurisdiction. (Doc. 1 at 1.) The complaint does not contain any other information explaining the basis for Rivera filing this suit. The complaint includes an attachment which appears to be a printout from a criminal case brought in Superior Court against Rivera. (Doc. 1-1 at 1.) But even that document does not provide any indication why Rivera might have filed this suit.

To pursue a case in federal court, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a

[1] In fact, the complaint actually identifies the City of Peoria Police Department as the plaintiff and Rivera as the defendant. (Doc. 1 at 1.)

defendant has acted unlawfully." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. And "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026).

The current complaint contains no factual allegations and is dismissed. If Rivera wishes to file an amended complaint, the amended complaint must identify who Rivera is attempting to sue and set forth factual allegations explaining what that defendant did that prompted Rivera to file this suit.

**IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DIMISSED WITH LEAVE TO AMEND**. No later than **September 28, 2026**, plaintiff shall file an amended complaint containing factual allegations explaining the basis for filing this suit. The Clerk of Court shall enter a judgment of dismissal with prejudice in the event no amended complaint is filed by that date.

Dated this 14th day of September, 2026.

Honorable Krissa M. Lanham
United States District Judge